**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHNNY GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3299 |
| | § | |
| U.S. LOGISTICS, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING REMAND**

The plaintiff, Johnny Garcia, sued BAE Systems Land and Armaments L.P. ("BAE Systems Land and Armaments") and U.S. Logistics, Inc. d/b/a Louis Berger Logistics Services, Inc. ("U.S. Logistics") in Texas state court, alleging breach of contract. (Docket Entry No. 1, Ex. A). Service was effected on October 10, 2013. BAE Land and Armaments filed its Original Answer and Defenses to Plaintiff's First Amended Petition on November 4, 2013. U.S. Logistics filed its Original Answer to Plaintiff's Original Petition on November 1, 2013, and filed its Answer to Plaintiff's First Amended Petition on November 7, 2013. On November 8, 2013, with the written consent of U.S. Logistics, BAE Land and Armaments filed a Notice of Removal based on diversity jurisdiction.

Garcia moved to remand. (Docket Entry No. 6). He raises two arguments. The first is that the defendants waived removal by filing answers with affirmative defenses in the state court. While the right to removal can be waived by seeking an adjudication on the merits in state court, "simply filing an answer, making preliminary motions, and the like does not waive the right of removal." *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000); *see also John H. Carney*

*& Associates v. State Farm Lloyds*, 376 F. Supp. 2d 697, 703-04 (N.D. Tex. 2005) (filing answer with affirmative defenses did not waive right to remove); *Nixon v. Wheatley*, 368 F. Supp.2d 635, 641 (E.D. Tex. 2005)("Engaging in such limited, non-dispositive activity in state court prior to removal does not demonstrate a specific and positive intent to proceed in that forum."); *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003) ("filing an answer, making preliminary motions and the like does not waive the right of removal").  Neither defendant moved for relief or engaged in discovery before removal.  The right to remove was not waived.

Garcia's second argument is that the defendants are citizens of Texas.  The argument appears to collapse personal jurisdiction analysis with diversity jurisdiction analysis.  Both defendants have submitted affidavits establishing that neither is a citizen of Texas for diversity jurisdiction purposes.  U.S. Logistics is incorporated under the laws of the State of North Carolina, and its principal place of business is in Greenville, South Carolina, where its headquarters are located, and from where it directs, controls and coordinates the corporation.  (Docket Entry No. 8, Nancy Grigsby Aff., Ex. A).  U.S Logistics does not have any offices or headquarters located in Texas, nor is it incorporated in Texas.  (*Id.*).  U.S. Logistics is only a citizen of North Carolina and South Carolina for jurisdiction purposes.  *See* 28 U.S.C. § 1332(c) (a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business).

BAE Land and Armaments is a partnership.  As such, its citizenship is determined by the citizenship of its partners.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).  The Notice of Removal states that the sole general partner of BAE Systems Land and Armaments is BAE Land & Armaments Holdings, Inc.  Its sole limited partner is BAE Land & Armaments, Inc.  Both are incorporated in Delaware and have their corporate offices and headquarters located in

Virginia. (Docket Entry No. 9, Valaree Moodee Decl. Ex. B). Neither is a citizen of Texas. BAE Systems, Inc. is named as a defendant, which the defendants assert is improper. Even if BAE Systems, Inc. is a proper defendant, it is incorporated in Delaware and has its principal place of business in Virginia. (*Id.*). It is not a citizen of Texas.

Because diversity jurisdiction is present, the motion to remand (Docket Entry No. 6), is denied.

SIGNED on January 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge