**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHNNY GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3299 |
| | § | |
| U.S. LOGISTICS, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This suit arises out of a contract executed and performed in Kuwait in 2008 between U.S. Logistics, a North Carolina company, and Johnny Garcia, who was then living and working in Kuwait. Garcia subsequently moved to Texas, where he filed this suit. He alleges that in April 2010 U.S. Logistics breached the contract, which called for him to work and be paid for 98 hours each week, by modifying it to reduce his work and pay to only 60 hours each week. Garcia continued to work for another two years, until March 2012, for less than 98 hours a week. Garcia filed suit in November 2013 against U.S. Logistics and BAE Systems Land and Armaments ("BAE"), a company with whom U.S. Logistics contracted, seeking damages for breach of contract. He seeks $154,455.95 in damages, the difference between what he was paid and what he would have received had he worked and been paid for 98 hours per week from April 2010 to March 2012.

BAE removed on the basis of diversity jurisdiction. (Docket Entry No. 1). After discovery, U.S. Logistics and BAE moved for summary judgment, asserting that limitations and waiver bar Garcia's claim under North Carolina law, and that if, as Garcia contends, Texas law applies, there was no breach because his employment terms were modified in April 2010 to reduce the number of

hours worked, and Garcia accepted that modification by continuing his employment. (Docket Entry Nos. 26, 27). Garcia has responded, and U.S. Logistics has replied. (Docket Entry Nos. 28, 30).

Based on the pleadings, the motions, response, and reply, the parties' submissions, and the applicable law, this court grants the motions for summary judgment and enters final judgment by separate order. The reasons are explained below.

**I.   Background**

The pertinent facts are undisputed. In October 2008, Garcia was in Kuwait, working for a military contractor, ITT Corporation. That month, U.S. Logistics sent Garcia a one-page employment offer letter by email. (Garcia Dep., Docket Entry No. 26, Ex. A at 30–34; Ex. B). The employment offer letter stated, in relevant part, "Work Schedule: Guaranteed 98 hrs week." (Docket Entry No. 26, Ex. B). The offer letter stated that Garcia would be paid hourly. (*Id.*). Garcia signed the employment offer letter in Kuwait and sent it back to U.S. Logistics in North Carolina. (Garcia Dep. at 181).

U.S. Logistics had a contract to provide workers to BAE, a military contractor, and assigned Garcia to work for BAE under this contract. From October 2008 until March 2010, Garcia worked and was paid for 98 hours per week. In March 2010, his BAE supervisor told him that, starting in April 2010, his schedule would be reduced to 60 hours per week. Garcia objected, without success, contending that his contract called for him to work 98 hours per week. From April 2010 and continuing until he resigned in March 2012, Garcia consistently worked for less than 98 hours per week and was paid only for the hours he worked. (Garcia Dep. at 53–56). He testified in his deposition that he believed this change breached his contract with U.S. Logistics. (*E.g. id.* at 56). He consistently complained for the two years he continued to work that he was supposed to be

scheduled and paid for 98 hours per week, but U.S. Logistics and BAE rejected his complaints and continued to schedule and pay him for the reduced hours.

In March 2012, Garcia resigned, claiming he was unhappy over the reduced hours and pay. He moved to Texas. Over a year later, in July 2013, he filed this breach of contract lawsuit in Texas state court, alleging that he was entitled to $154,455.95, the difference between what he was paid and what he would have received had he worked and been paid for 98 hours per week from April 2010 to March 2012. The defendants moved for summary judgment after discovery.

The threshold issue is choice of law. The parties agree that if North Carolina law applies, limitations bars Garcia's claim. The parties also agree that if Texas law applies, limitations had not run when Garcia sued. The defendants nevertheless contend that Garcia's claim still fails under Texas law on the basis that there was no contract breach. They reason that Garcia's employment contract was modified when his BAE supervisor told him that his hours and pay would be reduced, and that Garcia accepted this modification by continuing his employment. Garcia responded by arguing that Texas law applies; that he was not an at-will employee, making the purported oral-contract modification unenforceable; and that his actions were inconsistent with waiver. (Docket Entry No. 30).

Each argument is analyzed below.

**II.     The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III.     Analysis

The parties disagree on whether North Carolina or Texas law applies. The defendants argue that North Carolina law applies; Garcia argues that Texas law applies. The court need not resolve this issue because, as described below, the defendants are entitled to summary judgment regardless of which state's law applies.

####    A.     North Carolina Law

If North Carolina law applies, limitations and waiver bar Garcia's claim. Under North Carolina law, "[t]he statute of limitations for a breach of contract action is three years. The claim accrues at the time of notice of the breach." *Henlajon, Inc. v. Branch Highways, Inc.*, 560 S.E.2d 598, 603 (N.C. Ct. App. 2002) (citing N.C. Gen. Stat. § 1–52(1)); *Abram v. Charter Med. Corp.*, 398 S.E.2d 331 (N.C. Ct. App. 1990)). Once "the statute of limitations is properly pleaded, and the facts . . . are not in conflict . . . summary judgment is appropriate." *Soderlund v. Kuch*, 546 S.E.2d 632, 636 (N.C. Ct. App. 2001) (internal quotations omitted). In a breach of contract case, "[t]he statute begins to run on the date the promise is broken." *Glover v. First Union Nat'l Bank*, 428 S.E.2d 206, 208 (N.C. Ct. App. 1993).

U.S. Logistics allegedly "broke its promise" and breached Garcia's employment contract in April 2010 when it reduced his hours and pay to less than 98 hours per week. *See id.* When this happened, Garcia had the information necessary to sue the defendants for breach of contract. Limitations began running in April 2010. Garcia did not file this lawsuit until July 2013. Garcia's claim is untimely under North Carolina law.[1]

---

[1] Garcia's claim would be untimely if Kuwait law applied. The statute of limitations for breaches of employment contracts under Kuwait law is one year. *See Kuwait Labor Law Art.* 144, Docket Entry No. 26, Ex. E ("[T]he lawsuits filed by the workers one year after the end of the work contract on the basis of the provisions of this

Garcia's claim is also barred by waiver if North Carolina law applies. Under North Carolina law, "[t]he terms of employment for an employee-at-will may be modified at any time by the employer, with continued employment serving as consideration for the modification." *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, No. 08-cv-495, 2010 WL 1924480, at *9 (W.D.N.C. May 12, 2010) (citing *Fraver v. N.C. Farm Bureau Mut. Ins. Co.*, 318 S.E.2d 340, 344 (N.C. Ct. App. 1984) (citing 56 C.J.S. Master and Servant § 9 (1948)), *aff'd sub nom. Jimoh v. Charlotte Mecklenburg Hous. P'ship, Inc.*, 428 F. App'x 241 (4th Cir. 2011). As the North Carolina Supreme Court has explained:

> It is well settled . . . that after one party has breached a contractual provision, the non-breaching party has a choice between alternate courses of conduct. He may terminate his further liability and recover damages or he may continue his contract, choosing to receive the promisee's defective performance and regarding his right to damages as adequate compensation. Where the promisor chooses the second alternative, cases speak of the promisor's waiver by continuing to perform or to receive performance. Because such a waiver is not a mere promise, but is instead a continuation of performance, sometimes called an election by conduct, it is binding without consideration or estoppel.

*Wheeler v. Wheeler*, 263 S.E.2d 763, 765 (N.C. 1980) (internal citations and quotation marks omitted); *see also Church v. Wachovia Sec., Inc.*, No. 05-cv-422, 2008 WL 5429604, at *13 (W.D.N.C. Dec. 30, 2008) (holding that by continuing to work after receiving "bonus payment which he considered in breach of his contract [,]" an employee-at-will "effectively waived his breach of contract claims").

---

Law shall not be heard."); *see also Lee v. ITT Corp.*, No. 10-cv-0618, 2012 WL 8751733, at *3 (W.D. Wash. Feb. 10, 2012) (noting the one-year limitations period under the law of Kuwait). Garcia resigned in March 2012 but did not file suit until July 2013, more than a year later

The threshold question for the waiver analysis is whether Garcia is an at-will employee. If he is not, waiver does not apply. *See Jimoh*, 2010 WL 1924480, at *9. The general rule under North Carolina law is that "an employee without a definite term of employment is an employee at will and may be discharged without reason." *Coman v. Thomas Mfg. Co.*, 381 S.E.2d 445, 446 (N.C. 1989); *Moser v. Driller's Serv., Inc.*, — F. Supp. 2d —  No. 13-cv-045, 2013 WL 5707365, at *4 (W.D.N.C. Oct. 21, 2013).

Garcia is an at-will employee under North Carolina law. The letter that formed his employment contract does not provide for a "definite term of employment." *Coman*, 381 S.E.2d at 446. It states that he would work 98 hours per week, but it did not commit to a number of weeks, months, or years. By continuing his at-will employment for approximately two years after the alleged April 2010 breach, Garcia waived any claim he might have for breach of contract

**B.     Texas Law**

Garcia's claim fails under Texas law as well. Limitations does not bar his claim because in Texas, the statute of limitations for breach of contract claims is four years. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 203 (Tex. 2011). Garcia's claim fails, however, because there was no breach under Texas law. Garcia's contract was modified when his supervisor told him that, starting in April 2010, his schedule would be reduced to 60 hours per week. He accepted that modified contract by continuing to work under the changed terms.

Under Texas law, an employer may modify the terms of an at-will employment contract. *Moran v. Ceiling Fans Direct, Inc.*, 239 F. App'x 931, 936 (5th Cir. 2007); *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002) (citing *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986)). To enforce the modification, the employer must show that the employee had "unequivocal

notice" of "definite changes in employment terms," and that the employee accepted the change. *Hathaway*, 711 S.W.2d at 229. If the employee continues working with knowledge of the changes, "he has accepted those changes as a matter of law." *Id.* It does not matter that the employee objected to the new terms or worked under protest. *See In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780–81 (Tex. 2006); *see also Perkins v. Ulrich*, No. 14–05–00992–CV, 2007 WL 1191903, at *3 (Tex. App.—Houston [14th Dist.] Apr. 24, 2007, no pet.).

Garcia was given "unequivocal notice" of "definite changes [to his] employment terms" when he was told that his work schedule would be reduced to approximately 60 hours a week starting in April 2010. *See Hathaway*, 711 S.W.2d at 229. Garcia's protests that the modified terms were unfair and contrary to the terms of his contract demonstrates his awareness of the modification. This satisfied the notice requirement for contract modification, a point that Garcia does not dispute.

As to the second element, Garcia accepted the modified terms by continuing his employment. Garcia complained about the modified term, but under Texas law, that does not change the fact that by continuing to work, he accepted that term as a matter of law. *See In re Dillard Dep't Stores*, 198 198 S.W.3d at 780–81; *Perkins*, 2007 WL 1191903, at *3. It is undisputed that Garcia was paid the full amount owed to him under the terms of the modification. There was no breach, and his claim fails as a matter of law.

Though not mentioned in the argument section of his brief, Garcia appears to argue that the modification was invalid because it was communicated orally and not reduced to a signed writing. The argument is that under Texas law, modifications to contracts for employment for more than one year must be in writing to be enforceable. (Docket Entry No. 28 at 4). Garcia argues that his "contract was not an employment at will [contract] because [there was] no at will language and the

8

specificity of salary over a term of one year." (*Id.* at 3 n.1).

Like North Carolina law, Texas law presumes that "employment for an indefinite term may be terminated at will and without cause." *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex. 1991). "To overcome the presumption of at-will employment, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas 2006, no pet.) (internal quotations omitted).

Garcia has not overcome the presumption that his employment was at-will. The employment offer did not provide for employment for a definite term. The offer letter simply stated that Garcia was "Guaranteed 98 hrs week." (Docket Entry No. 26, Ex. B). Nothing in the offer letter suggests, much less "unequivocally indicates," that U.S. Logistics intended "to be bound not to terminate [Garcia] except under clearly specified circumstances." *Talford*, 198 S.W.3d at 464. Garcia was an at-will employee. The statute of frauds did not apply and the modification of his employment contract was valid despite not being in writing. Garcia accepted the modification by continuing to work for two years after it was put into place. As a matter of law, he cannot recover for breach of contract.

## V.     Conclusion

Summary judgment is granted in favor of the defendants. Final judgment is entered by separate order.

SIGNED on May 19, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge